**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-28024-CIV-MARTINEZ**

WESLEY DE SOUSA
CELESTINO,

Petitioner,

v.

WARDEN, SOUTH FLORIDA
DETENTION CENTER,

Respondent.
_______________________________/

**ORDER**

**THIS CAUSE** comes before the Court on two filings by *pro se* Petitioner Wesley De Sousa Celestino: (1) an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] (the "IFP Motion"); and (2) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). For the reasons explained below, the IFP Motion is **DENIED**, and the Petition is **DISMISSED WITHOUT PREJUDICE**.

In his IFP Motion, Petitioner asks the Court to allow him to proceed *in forma pauperis* ("IFP")—that is, without paying the $5.00 fee that is typically due when a person files an application for a writ of habeas corpus. (*See generally* IFP Mot.); *see also* 28 U.S.C. § 1914(a) (noting that "on application for a writ of habeas corpus the filing fee shall be $5"). In his Petition, Petitioner challenges the constitutionality of his immigration detention. (*See* Pet. 2).

A court "may authorize the commencement" of an action "without prepayment of fees or security therefor" if a party "submits an affidavit that includes a statement of all assets" he possesses, along with a statement that "the person is unable to pay such fees or give security

therefor," a description of "the nature of the action," and "affiant's belief that" he "is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *cf.* 28 U.S.C. § 2254, Rule 3(a)(2). When a party submits a motion under § 1915(a), the court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (footnote and quotation marks omitted). The court must accept the statements in the affidavit "absent a serious misrepresentation," *see id.*, but it may also "look beyond the application to determine" the party's "financial condition," *id.* at 1307 n.3 (citation modified). An IFP motion is "sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307.

In his Petition, Petitioner avers that he has been detained by United States Immigration and Customs Enforcement ("ICE") since October 11, 2026. (*See* Pet. 2). In his affidavit, Petitioner avers that he had $0 in income "[i]n the past 12 months." (*See* IFP Mot. 1). Petitioner also avers that he has no cash, no money in any bank accounts, and no assets of any kind. (*See id.* 2). He states that owes no debt, has no dependents, and has no expenses—not for housing, utilities, or anything else. (*See id.*).

On its face, Petitioner's affidavit seems "to demonstrate economic eligibility" for IFP status, as it asserts that he has no money or assets with which to pay the filing fee. *See Martinez*, 364 F.3d at 1307. The problem for Petitioner is that, as many courts have recognized, it is neither believable nor realistic that Petitioner exists on no money at all. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) (recognizing that it "undeniably costs money to live"); *Hubbert v. Cap. Bank, N.A.*, No. 23-CV-20690, 2023 WL 2529189, at *1 (S.D. Fla. Feb. 28, 2023) (same). While it is true that Petitioner has been in ICE custody since October 16, 2026, (*see* Pet. 2), during which time he plausibly could have had no expenses and made no income, his

affidavit averments cover a much longer period. Because he signed his affidavit on October 16, 2026, (*see* IFP Mot. 2), he has sworn that he had no income—of any kind, from any source—since at least October 16, 2025, (*see id.* 1).

It may be true that Petitioner has had no employment in that span. But it cannot be true that Petitioner had no living expenses at all before he was detained. *See Hubbert*, 2023 WL 2529189, at *1 ("Plaintiff does not list any living expenses. It is unclear what are Plaintiff's necessities and how Plaintiff provides for those necessities. As such, the Plaintiff has not demonstrated that she is unable to pay the filing fee."). Similarly, "it is simply hard to believe that" Petitioner "subsist[ed] on zero income, zero savings," and no assets before being detained, *see Kareem*, 986 F. Supp. 2d at 1346, particularly because the affidavit form specifically asks whether Petitioner received any public assistance; disability or worker's compensation payouts; gifts; or money from anywhere else, all of which the affidavit form considers income. (IFP Mot. 1).

As both Congress and the Supreme Court have recognized, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, § 1915 "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue,'" *id.* (quoting 28 U.S.C. § 1915(e)(2)(A)), and courts "deploy appropriate scrutiny," *see Kareem*, 986 F. Supp. 2d at 1346 n.1. Deploying that scrutiny here, the Court finds that Petitioner's affidavit is not credible. As a result, it is legally insufficient to support IFP status, so the Court will exercise its discretion to deny the IFP Motion. *See Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."). Consequently, because Petitioner has not paid the filing fee and has not been granted IFP

status, the Court will dismiss the Petition without prejudice.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs **[ECF No. 3]**, is **DENIED**.
2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]**, is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 12 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*